Earl ALEXANDER, Plaintiff and Appellant, v. Mrs. L. N. CAMPBELL, Defendant and Appellee.

No. 14036.

Court of Appeal of Louisiana. Orleans.

Jan. 11, 1932.

W. W. Wright, of New Orleans, for appellant.

Prowell, McBride & Ray and W. P. Mouton, all of New Orleans, for appellee.

PER CURIAM.

This matter is before us on motion to dismiss the appeal.

Judgment having been rendered in the court below in favor of defendant, plaintiff obtained an order for a suspensive appeal upon the furnishing of bond in the sum of $25. Thereafter a document purporting to be a bond was filed. The said document was not signed by a surety and on motion, made in the court below, a judgment was rendered after hearing in which judgment it was ordered, adjudged, and decreed "that the appeal bond * * * be and the same is hereby dismissed."

The proceedings as a result of which the trial court set aside the order of appeal, which had been theretofore granted, appear to have been taken in strict conformity with the provisions of Act 112 of 1916. When the document purporting to be a bond was discovered to be defective, appellant was given proper opportunity to furnish a correct and sufficient bond but did not do so.

It is therefore ordered, adjudged, and decreed that the motion to dismiss this appeal be sustained, and accordingly the appeal is dismissed.

Motion to dismiss appeal sustained.

Paul THIBODEAUX, Plaintiff-Appellant, v. R. O. LANDRY, Defendant-Appellee.

No. 13943.

Court of Appeal of Louisiana. Orleans.

Jan. 11, 1932.

On Rehearing, Feb. 15, 1932.

Richard A. Dowling and Gerald Netter, both of New Orleans, for appellant.

W. J. & H. W. Waguespack, of New Orleans, for appellee.

WESTERFIELD, J.

The plaintiff, Thibodeaux, bought from defendant, Landry, the Gentilly Hotel & Restaurant, its furniture, equipment, etc., for the sum of $2,000, $1,600 of which was paid in cash, and for the remainder, $400, two promissory notes of $200 each were given. This suit is based on these notes.

Defendant contends that the restaurant was warranted to be free from debt, and that, since its acquisition, he has been obliged to pay a number of bills amounting to $164. He has pleaded the aggregate of these items by way of set-off, and was allowed, by the trial court, $137.50 judgment being rendered against him for the remainder. Plaintiff alone has appealed.

Some reference is made in brief to the Bulk Sales Act, No. 270 of 1926, as being of interest here, but that act clearly has no application. Denekamp v. Heisler, 12 La. App. 471, 126 So. 447; Item Company, Ltd., v. National Dyers & Cleaners, Ltd., 15 La. App. 108, 130 So. 879.

As we see it, only an issue of fact is involved, which, after a reading of the record, we are convinced has been correctly determined below.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

On Rehearing.

PER CURIAM.

Upon reconsideration of this case we have concluded to disallow an item of credit of $88. which was recognized in our former decree. Consequently our former decree must be amended so as to read as follows:

It is ordered, adjudged, and decreed that there be judgment herein, in favor of the plaintiff, Paul Thibodeaux, and against the defendant, R. O. Landry, in the full sum of $400, with 8 per cent. per annum interest thereon from July 7, 1930, until paid, and an additional 10 per cent. as attorney's fees on the principal and interest thereof, subject to a credit of $49.50.

Former decree amended.

Henry L. HEYMANN, Doing Business Under the Name of Home Finance Service, Plaintiff and Appellee, v. John A. MASCHECK, Defendant and Appellant.

No. 14034.

Court of Appeal of Louisiana. Orleans.

Jan. 11, 1932.

John D. Nix, of New Orleans, for appellant.

Jos. A. Casey, of New Orleans, for appellee.

## PER CURIAM.

This matter is before us on motion to dismiss the appeal. Judgment in the court below was rendered in favor of plaintiff. Defendant obtained an order for a suspensive and devolutive appeal upon furnishing bond as required by law. He thereupon furnished bond in the sum of $200.

On a rule filed in the court below, judgment was rendered dismissing the appeal apparently on the ground that the surety was insufficient. No new appeal bond was furnished in accordance with Act 112 of 1916.

It is therefore ordered, adjudged, and decreed that the motion to dismiss the appeal be and it is sustained, and accordingly the appeal is dismissed.

Motion to dismiss appeal sustained.